Culp
vs.
The State.

---

## FREDERICK CULP *vs.* THE STATE.

*Error from Madison Circuit Court*—Before the Hon. JOSHUA L. MARTIN.

At common law, a chose in action is not the subject of larceny.

Under a statute making "promissory notes" the subject of larceny, an indictment for larceny of "bank notes" is not sustainable.

An indictment for larceny of "bills of credit on the United States Bank" will not lie on its appearing that the amounts charged were less than the Bank of the United States is authorised to issue by its charter.

A count in an indictment, charging generally, the larceny of "bills of credit," is bad ; the state having no authority to issue such choses in action.

This was an indictment for larceny.

The indictment charged the prisoner in three several counts.

1st. With having stolen, taken and carried away, seven paper bills of credit, on the Bank of the United States, to the value of three hundred and ten dollars.

2d. With having stolen, taken, and carried away, seven bank notes on the United States Bank, to the value of three hundred and ten dollars.

3d. With having stolen, taken, and carried away, seven paper bills of credit, to the value of three hundred and ten dollars.

Upon this indictment the prisoner was convicted. A motion was made in arrest of judgment, on the ground, that the instruments, set out and described in the indictment, were not subjects of larceny at the time of the alleged commission of the offence.

The motion was overruled, but the court below reserved the point as novel and difficult.

McClung, for Plaintiff in error—Cited *Aikin's Dig.* 23—*Coke's Rep.* 8 vol. p. 33—4 *Black. Com.* 188—*East's C. L.* 2 vol. 597—*Aikin's Dig.* 103—12 *Johns.* 220.

P. Martin, *Attorney-General*—Cited 2 *Stewart*, 11—2 *East's C. L.* 598.

By Mr. Justice Thornton:

This case is referred to this Court, according to the practice in such cases, after final judgment was pronounced, as involving a question of criminal law, which was deemed novel and difficult.

This indictment consists of three counts. The first is for a larceny of " seven paper bills of credit on the Bank of the " United States, amounting in the whole, to a certain sum of " money, viz : the sum of three hundred and ten dollars, and " of the value of three hundred and ten dollars." The second count, is for a larceny " of seven bank notes on the " United States Bank, for the payment," &c.; and the last,

is for larceny " of seven bills of credit, for the payment of <span>Culp<br>vs.<br>The State.</span>
" divers sums of money, amounting, in the whole, to the sum
" of three hundred and ten dollars, and of the value of three
" hundred and ten dollars."

The doctrine is clear, that at common law, a chose in action is not the subject of larceny. This indictment then, cannot be sustained, unless some act of our legislature embraces the chose in action, as described, and alleged to have been stolen in some one of the counts ; and unless too, such chose in action as described, can have a legal entity as a matter of value. Tested by these principles, the first count is clearly defective : for, by referrence to the charter of the Bank of the United States, it appears that the institution is expressly inhibited from issuing bills of credit of the amount or value of those described in the count, so that there cannot be in contemplation of law, any such subject matter of larceny as is there set forth.

The second count can only be maintained, by deciding that " Bank notes of the United States Bank," are, in contemplation of law, embraced in the words " promissory notes for the payment of money" in our act of 1807. If " bank notes" and " promissory notes" were identical in their signification, it might perhaps be justly considered more nice than wise, to say, that an indictment for the former could not be sustained under the act creating the larceny of the latter. But when the points of resemblance between them are so unimportant, compared with their characteristic distinctions, we feel no hesitancy in coming to the conclusion, that it would not. Logically speaking, " promissory note" may be said to be a generic term ; and " bank note," as having some attributes or properties in common with it, to be a species of it—as man and horse may be said to be species of the generic term, animal. The question here, however, is not one of logical classification. It is simply, whether the two subjects are not, both in legal apprehension and common acceptation, so different, as to authorise the deduction, that the one was not

embraced by the other, in contemplation of the legislature. The opinion of the legislature, as to a matter of law, is not of any binding authority, as was suggested in argument ; but where the intention of the law-maker is the object of inquiry, it may not be wholly unprofitable to consider the course of legislation upon the point. In England, the act of *Geo.* II, extending the common law offence of larceny so as to embrace choses in action, includes bank notes, *eo nomine,* as well as promissory notes. Our act of 1807, on the same subject, omitted the former, but supplied the omission by the statute of 1831. This course of legislation, though by no means conclusive, is, however, persuasive of the opinion we entertain, that the second count is also defective.

The last count, is for larceny of "seven bills of credit," describing them as above set forth, as of the value, and of the amount of three hundred and ten dollars. The stealing here alleged, is of a subject matter, which we must know judicially, does not exist. By the constitution of the United States no such chose in action as bills of credit, can be emitted by the states ; and the power to create them, which belongs to Congress alone, if it exist any where, has only been exercised in favor of the Bank of the United States, where they are required to be of a specified amount, which is different from that of those described in the count.

Let the judgment be arrested, and the prisoner discharged.